Civil action to recover for (1) insurance premiums collected and (2) return commissions on canceled policies of insurance.
For the purposes of this appeal these facts appear to be uncontroverted: On 12 August, 1936, Manufacturing Lumbermen's Underwriters, with its principal place of business in Kansas City, Missouri, a reciprocal insurance exchange engaged in writing insurance on property against fire and kindred hazards, operating by an agent, Rankin Benedict Underwriting Company, entered into a written agreement with defendant, copy of which is alleged to be attached to and made a part of amended complaint, though not set out in the record, by which defendant became its agent to solicit such insurance in Franklin County, North Carolina, and for his services in writing and servicing policies for the entire period for which they were written he should receive a certain commission.
On 12 November, 1936, the Superintendent of the Insurance Department of the State of Missouri by virtue of the provisions of sec. 5947, Revised Statutes of Missouri, 1929, instituted a proceeding No. 450,304 in the Circuit Court of Jackson County at Kansas City, Missouri, against the Manufacturing Lumbermen's Underwriters, by reason of its insolvency, for the purpose of enjoining it from the further prosecution of its business and for dissolution of the corporation. On that date an injunction was issued prohibiting it and all persons connected with it from the further prosecution of its business, and, R. E. O'Malley, Superintendent of the Insurance Department of Missouri, was placed in temporary charge of its affairs.
On 1 April, 1937, the Manufacturing Lumbermen's Underwriters was adjudged in said proceeding to be insolvent, permanently enjoined from the further conduct and prosecution of its business, and ordered *Page 691 
dissolved, and its assets "vested in fee simple in R. E. O'Malley, Superintendent of the Insurance Department of the State of Missouri, and his successors in office, subject to the further orders, judgment and decrees" of the said Circuit Court.
On 5 January, 1939, the said Circuit Court ordered "that the claims and debts of the Manufacturing Lumbermen's Underwriters be ranked for priority as follows: (1) Expenses of liquidation, (2) all taxes, (3) claims for losses upon contracts of insurance and re-insurance entered into by the Manufacturing Lumbermen's Underwriters, and (4) all other debts and claims allowed against the Manufacturing Lumbermen's Underwriters, specifically stating that this class includes return premiums due policyholders for policies canceled before their expiration date."
On 15 January, 1939, Ray B. Lucas, the then Superintendent of the Insurance Department of Missouri, and now the plaintiff in this action, was substituted as plaintiff in said proceeding and placed in charge of the affairs and vested with title to the assets of the said underwriters in liquidation.
Plaintiff alleges and offered evidence tending to show that between the dates of 12 August, 1936, the date of the agreement between defendant and Manufacturing Lumbermen's Underwriters, and 12 November, 1936, defendant collected on policies written by him under said agreement premiums amounting to $522.52, for which he has not remitted; and that for return commissions on canceled policies defendant is due to pay to underwriters $109.94, making a total of $632.46 due by him, to which plaintiff Ray B. Lucas, Superintendent of the Insurance Department of the State of Missouri, by virtue of the order of the Circuit Court of Jackson County, in said case, is entitled to receive, after demand and payment refused.
Defendant, in answer to original and amended complaints, denies that plaintiff is entitled to collect from him a pro rata share of the commissions on return premiums on policies issued by him in said underwriters, and canceled before expiration by reason of its insolvency.
Further, in answer to amended complaint, while admitting refusal to pay to plaintiff the sum of $522.52 for premiums collected, defendant avers, by way of set-off and counterclaim, (a) that on 12 August, 1936, he became the local agent for Manufacturing Lumbermen's Underwriters under the terms of the contract shown as Exhibit B in the amended complaint (though not included in the record); (b) that pursuant to agreements between him and the policyholders named in plaintiff's Exhibit A (which purports to be a list of policies on which premiums are unpaid and as to which plaintiff claims return premiums), whereby defendant agreed to keep said policyholders insured for certain stated, fixed periods, defendant, as agent for said underwriters, issued policies *Page 692 
in said underwriters to said policyholders; (c) that on 12 November, 1936, the underwriters became insolvent and ceased to function, and a wholesale cancellation of said policies issued by defendant occurred; (d) that defendant, in accordance with his contract and agreement with said policyholders to keep said policyholders insured for stated periods, took up the worthless policies with the underwriters and issued in substitution therefor, at his own expense, equivalent insurance in other companies, and, except in cases where the policies were not available for delivery to defendant, he received the original policy from each policyholder and forwarded same to the underwriters; and (e) that thereafter defendant demanded of the underwriters that he be reimbursed for the amount so expended by him in furnishing other insurance to his said policyholders, which amount so expended and advanced by him still remains due and unpaid as stated in the counterclaim in defendant's original answer.
In the original answer, defendant, by way of set-off and counterclaim, avers that, all policies of insurance which had been written by him as agent of the Manufacturing Lumbermen's Underwriters having been suddenly renounced and set at nought by termination of its business in defendant's territory, he, from his own funds and resources, made good the obligation of the underwriters to the holders of such policies by repayment to them, on behalf of the underwriters, the unearned premiums on their respective policies accruing to them upon such cancellation of their policies; that the repayment by defendant to such policyholders was made either in cash or by furnishing to them the same or equivalent insurance protection in other companies; that the amount thus expended by defendant on behalf of the underwriters is $947.21, which remains unpaid after demand.
Defendant further avers that his practice in regard to remittance to the underwriters for premiums collected by him "was by agreement with said company" to the effect that any amount expended by him for return premiums paid to policyholders could be and were deducted from the amounts due by him to said underwriters for premiums collected. Upon these averments defendant prays that plaintiff take nothing and that he recover of plaintiff the sum of $947.21, as set out in counterclaim in the original answer.
Motion of plaintiff to strike out from the further answer to the amended complaint the allegation appearing in paragraph above designated (d) was denied, and plaintiff excepted.
Upon the trial below, defendant offered evidence tending to show that Exhibit B to the amended complaint is an agency agreement between him and the Manufacturing Lumbermen's Underwriters of Kansas City, Missouri, of date 12 August, 1936. *Page 693 
Further, under objection and exception by plaintiff, defendant offered testimony with respect to taking up from policyholders the canceled policies and issuing new policies and crediting the policyholders with unearned premiums on said canceled policies, and as to the practice between him and the underwriters regarding payment by it to him for return premiums advanced.
This issue was submitted to the jury: "What amount, if any, is plaintiff entitled to recover of defendants?"
Upon this issue the court instructed that if the jury believe the evidence of the plaintiff offered in the form of a deposition, and believe and found to be as a fact that defendant has paid out $947.21 on unearned premiums on policies of the underwriters, canceled due to its liquidation and insolvency, as testified to by defendant, the jury should answer the issue "Nothing"; but if the jury should believe the evidence of plaintiff, and not believe the evidence of defendant as testified to by him, the answer should be "$522.52." Exception. The issue was answered "Nothing."
From judgment in accordance therewith plaintiff appeals to Supreme Court and assigns error.
It appears from the record that the agency agreement between Manufacturing Lumbermen's Underwriters of date 12 August, 1936, is in writing. It further appears from answer of defendant that the practice in regard to his remitting for premiums collected "was by agreement with the company." Thus it would seem that "the practice" is controlled by agreement, and the only agreement, as the record now stands, is the written agreement of 12 August, 1936, which is not before us. Hence, upon the present record, we are constrained to hold that there is error in the admission of the oral testimony of defendant to which exception is taken by plaintiff. Accordingly, there must be a
New trial. *Page 694